| | |
|---|---|
| STATE OF MINNESOTA | DISTRICT COURT |
| COUNTY OF HENNEPIN | FOURTH JUDICIAL DISTRICT |

Case Type: Employment
Court File No.: _____

Joe Chanthraphone,

    Plaintiff,

v.       **SUMMONS**

Starkey Laboratories, Inc.,

    Defendant.

THE STATE OF MINNESOTA TO THE ABOVE NAMED DEFENDANT(S):

1.   **YOU ARE BEING SUED.** The Plaintiff has started a lawsuit against you. The Plaintiff's Complaint against you is attached to this Summons. Do not throw these papers away. They are official papers that affect your rights. You must respond to this lawsuit even though it may not yet be filed with the Court and there may be no Court file number on this Summons.

2.   **YOU MUST REPLY WITHIN 20 DAYS TO PROTECT YOUR RIGHTS.** You must give or mail to the person who signed this Summons a **written response** called an Answer within 20 days of the date on which you received this Summons. You must send a copy of your Answer to the person who signed this Summons located at Ahlberg Law, PLLC, 333 Washington Avenue North, Suite 300, Minneapolis, Minnesota, 55401.

3.   **YOU MUST RESPOND TO EACH CLAIM.** The Answer is your written response to the Plaintiff's Complaint. In your Answer you must state whether you agree or disagree with each paragraph of the Complaint. If you believe the Plaintiff should not be given everything asked for in the Complaint, you must say so in your Answer.

4.   **YOU WILL LOSE YOUR CASE IF YOU DO NOT SEND A WRITTEN RESPONSE TO THE COMPLAINT TO THE PERSON WHO SIGNED THIS SUMMONS.** If you do not Answer within 20 days, you will lose this case. You will not get to tell your side of the story, and the Court may decide against you and award the Plaintiff everything asked for in the Complaint. If you do not want to contest the claims stated in the Complaint, you do not need to respond. A Default Judgment can then be

1

**EXHIBIT A**

entered against you for the relief requested in the Complaint.

5. **LEGAL ASSISTANCE.** You may wish to get legal help from a lawyer. If you do not have a lawyer, the Court Administrator may have information about places where you can get legal assistance. **Even if you cannot get legal help, you must still provide a written Answer to protect your rights or you may lose the case.**

6. **ALTERNATIVE DISPUTE RESOLUTION.** The parties may agree to or be ordered to participate in an alternative dispute resolution process under Rule 114 of the Minnesota General Rules of Practice. You must still send your written response to the Complaint even if you expect to use alternative means of resolving this dispute.

Dated: October 11, 2017                           AHLBERG LAW, PLLC

                                                  /s/ Ryan H. Ahlberg
                                                  Ryan H. Ahlberg, Esq. (#386520)
                                                  Union Plaza Building, Suite 300
                                                  333 Washington Avenue North
                                                  Minneapolis, Minnesota 55401
                                                  (612) 900-2269
                                                  rahlberg@ahlberglaw.com
                                                  Attorney for Plaintiff

## ACKNOWLEDGEMENT

The undersigned acknowledges that pursuant to Minn. Stat. § 549.211 sanctions may be awarded by the Court for violation of said section.

Dated: October 11, 2017                           /s/ Ryan H. Ahlberg
                                                  Ryan H. Ahlberg, Esq. (#386520)

2

| | |
|---|---|
| STATE OF MINNESOTA | DISTRICT COURT |
| COUNTY OF HENNEPIN | FOURTH JUDICIAL DISTRICT |

| | |
|---|---|
| | Case Type: Employment |
| Joe Chantraphone, | Court File No.: _____ |
| Plaintiff, | |
| v. | **COMPLAINT** |
| Starkey Laboratories, Inc., | |
| Defendant. | |

Plaintiff Joe Chanthraphone, as and for his Complaint against Defendant Starkey Laboratories, Inc., states and alleges as follows:

## PARTIES AND VENUE

1. Plaintiff Joe Chanthraphone (hereinafter, "Chanthraphone") is an individual residing in Scott County, Minnesota.

2. Defendant Starkey Laboratories, Inc. (hereinafter, "Starkey"), is a Minnesota corporation maintaining a registered office located at 1010 Dale Street North, Saint Paul, Minnesota, 55117. Starkey maintains its principal executive office at 6700 Washington Avenue S, Eden Prairie, Minnesota, 55344.

3. Venue is proper pursuant to Minn. Stat. § 542.09.

## FACTUAL ALLEGATIONS

4. Chanthraphone began working at Starkey in 2002.

1

**EXHIBIT B**

5. Chanthraphone, working at least forty hours per week, earned a final rate of pay of $23.22 per hour.

6. On or around April 30, 2014, Starkey was notified by Todd Painter, MA, LP (hereinafter "Painter"), that Chanthrophone had been in his office five times in the previous five weeks complaining about depressive symptoms that were significant enough to hinder Chanthraphone's work performance, disrupt his sleep and warrant ongoing medical treatment.

7. In this letter from 2014, Painter wrote that Chanthraphone complained of a significant lack of employer support for his condition and requests for time off to address it.

8. Painter went on to write that it was in the best interest for Chanthraphone's health in mind, that he take a leave of absence from work to get the necessary medical attention, therapy and rest that would promote recovery from his symptoms.

9. Starkey did not respond to Chanthraphone's medical care provider, even after Chanthraphone approached his supervisor.

10. On July 12, 2016, Chanthraphone was suspended for one week for using his cell phone even though he was using his device to check the bluetooth connection of the hearing aids and a supervisor told him to do so because he did not have a company phone.

11. Nefariously, this suspension due to heightened scrutiny came after Chanthraphone

submitted medical bills in excess of $100,000 for an illness he suffered while in Laos during the month of May 2016. Upon information and belief, Starkey is self-insured. Chanthraphone was told medical care would be covered overseas, but Starkey has yet to pay those medical bills.

12. On July 19, 2016, Chanthraphone went on a Family Medical Leave Act (hereinafter, "FMLA") leave due to anxiety and stress as documented by Kent Merkey, MA, LP (hereinafter "Merkey").

13. Both the medical issues in Chanthraphone suffered in Laos and his anxiety and stress are disabilities as that term is defined under the Minnesota Human Rights Act (hereinafter, "MHRA"), and serious medical conditions under the FMLA.

14. Chanthraphone received and submitted the necessary documents to and from Bonnie Lano (hereinafter "Lano") from human resources.

15. Being that start and end dates were never explained to Chanthraphone, he called Starkey several times to see when his leave ended.

16. Chanthraphone called and left messages for Lano on October 3, 2016; October 10, 2016; and, October 17, 2016, all before his medical leave would have terminated on October 19, 2016.

17. Lano finally returned Chanthraphone's phone calls on October 27, 2016, to inform Lano was terminated on October 19, 2016.

18. As a direct and/or proximate result of Starkey's conduct, Chanthraphone has

3

suffered damages, including but not limited to lost past earnings and benefits, lost future earnings and benefits, mental anguish and suffering, consequential damages, cost of suit, liquidated damages, and attorney's fees.

## CAUSE OF ACTION I
### FMLA Discrimination (29 U.S.C. § 2615(a)(2))

19. Paragraphs 1 through 18 are incorporated herein by reference.

20. An FMLA discrimination claim arises when an employer takes adverse action against an employee because the employee exercises rights to which he is entitled under the FMLA. *Pulczinski v. Trinity Structural Towers, Inc.*, 691 F.3d 996, 1006 (8th Cir. 2012).

21. Chanthraphone engaged in statutorily-protected conduct and exercised rights to which he was entitled under the FMLA.

22. Starkey's actions, as described herein, constituted adverse employment actions.

23. The statutorily-protected conduct and adverse employment actions were causally related.

24. As a direct and/or proximate result of Starkey's conduct, Chanthraphone has suffered damages in excess of $50,000 to be proved with further specificity at trial.

## CAUSE OF ACTION II
### Unfair Employment Practice - Reprisal (Minn. Stat. § 363A.15)

25. Paragraphs 1 through 24 are incorporated herein by reference.

26. Chanthraphone engaged in statutorily-protected conduct when he took requested

leave to treat his medical conditions, which Starkey accommodated.

27. Starkey, as described herein, took adverse employment action against Chanthraphone.

28. Chanthraphone's statutorily-protected conduct and Starkey's adverse employment action were causally connected.

29. As a direct and/or proximate result of Starkey's conduct, Chanthraphone has suffered damages in excess of $50,000 to be proved with further specificity at trial, and additionally seeks civil penalties and injunctive relief as allowed by statute.

**WHEREFORE**, Chanthraphone requests a **JURY TRIAL** on his claims and judgment against as follows:

1. As to Cause of Action I, for judgment in favor of Chanthraphone in an amount greater than $50,000.00 to be proved with further specificity at trial. Chanthraphone intends to move to amend his Complaint to assert a claim for punitive damages;

2. As to Cause of Action II, for judgment in favor of Chanthraphone in an amount greater than $50,000.00 to be proved with further specificity at trial, and; for an order directing Starkey to cease and desist from unfair employment practices, to pay civil penalties, and any other appropriate legal or equitable relief pursuant to *Minn. Stat. § 363A.29 Subds. 3 through 6*. Chanthraphone intends to move to amend his Complaint to assert a claim for punitive damages;

3. For Chanthraphone's costs, disbursements and attorney's fees incurred herein;

4. For such other and further relief as the Court deems just and equitable.

Dated: October 11, 2017                    AHLBERG LAW, PLLC

*/s/ Ryan H. Ahlberg*
Ryan H. Ahlberg, Esq. (#386520)
Union Plaza Building, Suite 300
333 Washington Avenue North
Minneapolis, Minnesota 55401
(612) 900-2269
rahlberg@ahlberglaw.com
Attorney for Plaintiff

## ACKNOWLEDGEMENT

The undersigned acknowledges that pursuant to Minn. Stat. § 549.211 sanctions may be awarded by the Court for violation of said section.

Dated: October 11, 2017                    */s/ Ryan H. Ahlberg*
                                            Ryan H. Ahlberg, Esq. (#386520)